IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                      )
                                            )
RANDY PAUL SAATHOFF,                        )   Case No. 04-42915
d/b/a                                       )
BATES COUNTY CONSTRUCTION                   )
                                            )
            Debtor.                         )

## MEMORANDUM OPINION

BC National Banks (the Bank) filed a motion seeking disgorgement of $7,500.00 in interim fees paid to Krigel & Krigel, P.C., counsel for debtor and debtor-in-possession (Counsel), asking that such monies be paid over to the Bank. The basis for the Bank's motion is that the debtor failed to make adequate protection payments as ordered by this Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will grant the Bank's motion.

## FACTUAL BACKGROUND

On May 12, 2004, debtor filed a Chapter 11 bankruptcy petition. Along with the petition, Counsel disclosed receipt of a retainer from the debtor for fees and expenses, in the total amount of $10,000. On the petition date, debtor also filed a motion to employ Krigel & Krigel, P.C.[1] In such application, Counsel asked to be paid 80 percent of its fees, and 100

---

[1] Doc. # 3.

percent of its expenses on a monthly basis. Such application further stated that Counsel understood that payment on a monthly basis would not constitute an interim or final approval of such fees. This Court approved the application on May 18, 2004.[2]

On May 21, 2004, the Court ordered the Bank to return equipment to debtor, which it had repossessed prepetition, in exchange for adequate protection payments. Such Order obligated debtor to make adequate protection payments to the Bank in the amount of $5000.00 per month. The first payment, in the amount of $2500 was made prior to turnover, and an additional payment of $2500 was due on or before June 9, 2004. Payments of $2500 were due thereafter on the 9th and 23rd of each month. Debtor made the adequate protection payments through September, but failed to make further payments. Counsel for debtor informed the Bank that debtor intended to convert to Chapter 7, and on November 8, 2004, debtor filed a motion to convert.[3] On November 10, 2004, I granted the Bank's motion for relief from the automatic stay as to all of its collateral.[4] At that time, debtor owed $7500 in missed adequate protection payments. The motion to convert was granted on December 6, 2004.

On November 10, 2005, Counsel filed its Application for Final Attorney's Fees and Expenses, seeking approval of $11,184.00 in fees and $1,215.15 in expenses. Of that total, counsel had previously been paid $10,975.47 on a monthly basis, subject to Court review.

---

[2] Doc. # 19.

[3] Doc. # 83.

[4] Doc. # 88.

On November 15, 2004, the Bank filed an Application for Administrative Expenses Claim Under Section 507(b), and on November 22, 2004, it filed a limited objection to Counsel's Application for Final Attorney's Fees and Expenses. The Bank's objection stated that due to the priority of the Bank's claim, the allowability of such claim should be determined prior to approving Counsel's fees. On December 7, 2004, this Court granted the Bank's application for a superpriority claim in the amount of $7500.

On February 17, 2005, the Bank filed its Motion for An Order Directing Disgorgement of Funds in the amount of $7500 from Erlene Krigel and/or Krigel & Krigel, P.C., such funds to be used to satisfy the Bank's superior adequate protection claim. Counsel objected, and on April 5, 2005, this Court held a hearing.

## DISCUSSION

In the absence of an agreement to the contrary, the unused portion of any security retainer paid to debtor's counsel is property of the debtor's bankruptcy estate as of the petition date.[5] As such, distribution of such funds is governed by the priorities set out in the Bankruptcy Code (the Code).[6] Fees allowed to counsel for a debtor-in-possession are an administrative expense, allowable under section 503(b), but are, likewise, subject to the priorities set forth in section 507, including the priority assigned to adequate protection payments ordered by the

---

[5]*See, e.g., Feigen Law Firm, P.C. v. Fokkena (In re On-Line Services, Inc.)*, 2005 WL 600361 *3 (B.A.P. 8th Cir. March 16, 2005); *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 999 (Bankr. N.D. Ill. 1990).

[6]11 U.S.C. § 507.

Court.[7]

Section 361 of the Code provides that, if a debtor is allowed to use a secured creditor's collateral, in order to compensate such creditor for any decline in the value of its collateral, the creditor will be entitled to an administrative expense claim with the priority as set forth in section 503(b)(1) of the Code:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> > (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 363 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;[8]

If the Court orders adequate protection payments, and the debtor fails to make them, section 507(b) of the Code provides that the missed payments will be entitled to a superpriority status:

> (b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.[9]

Thus, court-ordered adequate protection payments are entitled to a higher priority than that

---

[7] 11 U.S.C. 507(b).

[8] 11 U.S.C. § 361.

[9] *In re Wilson-Seafresh, Inc.*, 263 B.R. 624, 629 (Bankr. N.D. Fla. 2001) (quoting 11 U.S.C. § 507(b).

4

assigned to compensation for attorneys. This Court ordered the debtor to make adequate protection payments, so a claim resulting from the failure to make such payments is entitled to superpriority status. The issue here, however, is whether Counsel must disgorge the interim fees already approved and paid if there are insufficient assets remaining in the estate to make the missed adequate protection payments. The court in *Wilson-Seafreash, Inc.* dealt with this precise issue. The court noted that the Code does not mention disgorgement of fees, but "case law clearly recognizes the authority of the bankruptcy court to order the disgorgement of fees under various situations."[10] For example, courts routinely order disgorgement for failure to disclose a conflict;[11] for failure to disclose compensation paid;[12] for failure to charge reasonable fees;[13] or, when a case becomes administratively insolvent, to insure that all creditors in the same class are paid on a pro rata basis.[14] In each of these situations the decision as to whether to order disgorgement has been held to lie within the discretion of the court.[15] Here, however, disgorgement is sought in order to provide payment to an administrative claimant with a superpriority claim. In this situation, failure to order disgorgement would "ignore the mandatory

---

[10] *Id.* at 630.

[11] *Id.* (citing *In re Woodward*, 229 B.R. 468 (Bankr. N.D. Okla. 1999)).

[12] *Id.* (citing *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859 (Bankr. M.D. Fla. 2000)).

[13] *Id.* (citing *In re Taxman Clothing Co.*, 49 F.3d 310 (7th Cir. 1995).

[14] *Id.* (citing *United States v. Schottenstein, Zox & Dunn et al (In re Unitcast, Inc.)*, 219 B.R. 741, 743 (B.A.P. 6th Cir. 1997)).

[15] *In re Chute*, 235 B.R. 700, 702 (Bankr. D. Mass. 1999); *United States v. Schottenstein, Zox & Dunn et al (In re Unitcast, Inc.)*, 219 B.R. 741, 753 (B.A.P. 6th Cir. 1998).

distributive provisions of the Bankruptcy Code."[16] Thus, I have no discretion to consider the equitable arguments offered by Counsel as to why disgorgement should not be required here.

A debtor-in-possession has all the duties of a Chapter 11 trustee.[17] As such, the debtor-in-possession, and its counsel, are obligated to act in the best interests of all creditors. If a debtor fails to make adequate protection payments then all creditors with a lower priority, not just its attorneys, are harmed. Since Congress has determined that unpaid adequate protection payments are entitled to the highest priority, counsel cannot be paid out of estate funds unless and until all such adequate protection payments are made.

I find, therefore, that I must grant the Bank's motion for disgorgement.

An Order in Accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 12, 2005

---

[16]*In re Wilson-Seafresh, Inc.*, 263 B.R. 624, 631 (Bankr. N.D. Fla. 2001).

[17]11 U.S.C. § 1107.